SHEPARDSON BROS. v. JOHNSON ET AL.

1. **Mechanic's Lien**: PRIORITY OVER SENIOR MORTGAGE. While it is true that, under section 2135, subdivision 4, of Miller's Code, a mechanic's lien will, under certain circumstances, have priority over a senior mortgage, yet this provision has no application to a case where the mortgage was foreclosed and the premises sold thereunder, before the materials for which the lien is claimed were furnished.

*Appeal from Floyd District Court.*

TUESDAY, DECEMBER 12.

ACTION to establish a mechanic's lien. Judgment for the defendants, and plaintiffs appeal.

*Starr & Harrison*, for appellants.

*J. S. Root*, for appellees.

SEEVERS, CH. J.—In 1875, Johnson owned the real estate on which the lien is sought to be established, and executed a mortgage thereon, which was foreclosed, and the premises sold under execution, on the 4th day of September, 1877, subject to redemption, to the defendant Waller. At that time, and until after the materials were obtained for which the lien is asked, Johnson was in possession of the premises. The materials were furnished to Johnson in June, July and August, 1878, and the same used in the construction of independent buildings or betterments. It is not deemed material which were constructed. Johnson failed to redeem, and the sheriff conveyed the real estate to the defendant Waller. It will be conceded, for the purposes of the case, that Johnson, at the time the contract was made and when the materials were furnished, had an interest in the premises, and that as against him the lien would attach. But the duration or extent of such interest was known to the plaintiffs, or they were bound to have such knowledge. Johnson's interest was cut

off by the failure to redeem, and the conveyance to Waller. It will be conceded that the lien might have been established before the right to redeem had expired. If this had been done, the plaintiffs possibly could have redeemed. But the mere right to establish a lien does not give the right to redeem. Code, § 3103.

It is true, that section 2135, sub-division 4, Miller's Code, provides that the lien will attach and have priority over a prior mortgage, under certain circumstances. But we are of opinion that this provision has no application where the mortgage has been foreclosed and the premises sold thereunder, before the materials for which the lien is claimed have been furnished; because it is provided that the court may order the building, erection or improvement to be sold separately, and the purchaser has a reasonable time to remove the same; or the court may take an account and make an equitable distribution of the proceeds. But this cannot be done when the mortgage has been foreclosed and the premises sold. In such case, the statutory right to redeem is the only right which can be enforced.

AFFIRMED.